**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-4227

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ROSEMBERG MAJANO,

        Defendant - Appellant.

No. 18-4236

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JOSE ALEJANDRO ORELLANA MONTALVO,

        Defendant - Appellant.

Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. Liam O'Grady, District Judge. (1:17-cr-00204-LO-1; 1:17-CR-00204-LO-2)

Submitted: November 30, 2018                                    Decided: January 9, 2019

Before WYNN and THACKER, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Dwight E. Crawley, LAW OFFICE OF DWIGHT CRAWLEY, Washington, D.C.; Gregory B. English, ENGLISH LAW FIRM, PLLC, Alexandria, Virginia, for Appellants. G. Zachary Terwilliger, United States Attorney, Thomas W. Traxler, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rosemberg Majano and Jose Alejandro Orellana Montalvo appeal their criminal convictions for importation of heroin and cocaine, in violation of 21 U.S.C. §§ 952(a), 960(a) (2012); conspiracy to import heroin and cocaine, in violation of 21 U.S.C. § 963 (2012); and conspiracy to possess with intent to distribute heroin and cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) (2012). On appeal, they claim that the district court erroneously denied their motions for judgment of acquittal, arguing that the Government did not present sufficient evidence to establish the element of knowledge. Furthermore, Orellana claims that the district court erroneously excluded his testimony about his relationship with one Kevin Lopez, arguing that it was admissible for the limited purpose of showing his state of mind. We affirm.

"We review de novo a district court's denial of a [Federal Rule of Criminal Procedure] 29 motion." *United States v. Burfoot*, 899 F.3d 326, 334 (4th Cir. 2018). "We must sustain a guilty verdict if, viewing the evidence in the light most favorable to the prosecution, the verdict is supported by substantial evidence." *Id.* When considering the sufficiency of a jury verdict, we must "allow the [G]overnment the benefit of all reasonable inferences from the facts proven to those sought to be established," *United States v. Savage*, 885 F.3d 212, 219–20 (4th Cir. 2018), "and must assume the jury resolved all contradictions in testimony in the [G]overnment's favor," *Burfoot*, 899 F.3d at 334.

Appellants assert that the Government did not sufficiently establish their mens rea of knowledge as required by the four offenses of which they were convicted, arguing that the Government did not present "any *direct* evidence" of their knowing participation in

3

the offenses, instead relying on "suspicion and conjecture." (Appellants' Br. at 11, 17 (emphasis added)). But "circumstantial evidence may be sufficient to support a guilty verdict even though it does not exclude every reasonable hypothesis consistent with innocence." *United States v. Zayyad*, 741 F.3d 452, 464 (4th Cir. 2014).

Appellants merely restate their theory of the case without addressing the full range of substantial evidence that supported their guilty verdicts. With regard to Majano, for example, the Government introduced evidence showing his nervous reaction to the investigation, his false exculpatory statements, his implausible explanation for his actions, and the significant value of the drugs with which he was entrusted. Similarly, the Government introduced evidence showing Orellana's evasive behavior and countersurveillance activities, his possession of drug paraphernalia, his attempts to destroy incriminating evidence, and his implausible testimony at trial. Even if this circumstantial evidence does "not exclude every reasonable hypothesis consistent with innocence," *Zayyad*, 741 F.3d at 464, it supports a reasonable inference of Appellants' knowledge that we construe in favor of the Government, *see Burfoot*, 899 F.3d at 334. "The jury had every right to disregard 'direct' evidence supporting [Appellants'] theory in favor of the Government's equally weighty circumstantial facts supporting [their] guilt." *Zayyad*, 741 F.3d at 464. Accordingly, the district court correctly denied Appellants' motions for judgment of acquittal on all counts.

Next, Orellana challenges the district court's exclusion of a portion of his testimony as hearsay. Because he raises a new theory of admissibility on appeal, we review the district court's determination for plain error. *Id.* at 458–59. To establish plain error, Orellana must demonstrate "(1) that the district court erred, (2) that the error was

plain, and (3) that the error affected his substantial rights," as well as that the error "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." *United States v. Cohen*, 888 F.3d 667, 685 (4th Cir. 2018); *see also Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1909 n.4 (2018).

Out-of-court statements offered to prove the truth of the matter asserted are generally inadmissible hearsay. Fed. R. Evid. 801(c), 802. When a party offers an out-of-court statement only to prove its effect on the listener rather than the truth of the matter asserted, it does not constitute hearsay. *United States v. Reed*, 908 F.3d 102, 120 (5th Cir. 2018); *see also United States v. Safari*, 849 F.2d 891, 894 (4th Cir. 1988); Fed. R. Evid. 801(c)(2). But regardless of whether Orellana's full testimony would have been admissible on this theory at trial, its exclusion is not plain error on appeal. The district court did in fact permit Orellana to offer significant testimony regarding his communications with Lopez, for the limited purpose of showing his state of mind during the conduct in question. The jury considered and rejected that account, and the district court noted that it was contradicted by the evidence. Thus, the district court did not plainly err in sustaining the Government's objection to these narrow portions of Orellana's testimony. *See Cohen*, 888 F.3d at 685.

Accordingly, we affirm the criminal judgments. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*